RITSCH, Respondent, vs. GUARANTEED BOND COMPANY, Defendant, and COLUMBIA CASUALTY COMPANY, imp., Appellant.

*October 10—November 7, 1933.*

For the appellant there was a brief by *Lamfrom, Tighe, Engelhard & Peck* of Milwaukee, and oral argument by *Egon W. Peck.*

*C. A. Markham* of Beaver Dam, for the respondent.

OWEN, J. This action was brought by the plaintiff against the defendants to recover sums paid by the plaintiff to the Guaranteed Bond Company for the purchase of securities which it is alleged were illegally sold, on the ground that the Guaranteed Bond Company, a broker, had not complied with the provisions of the so-called "Blue Sky Law." The securities sold by the Guaranteed Bond Com-

pany to the plaintiff were Hotel Kankakee six and one-half per cent. bonds.

This is a companion case to that of Otto Klatt against the same defendants, decided herewith (*ante,* p. 12, 250 N. W. 825), to which reference is hereby made for the facts relating to the sale of said Hotel Kankakee bonds by the broker Guaranteed Bond Company. The plaintiff in this case purchased two blocks of said bonds, one in the amount of $500 on the 23d or 24th day of August, 1925, which was paid for on that date. Upon this transaction judgment went against Guaranteed Bond Company and Columbia Casualty Company for the amount so paid by the plaintiff. The appeal of the Columbia Casualty Company from this portion of the judgment must be affirmed.

On the 11th day of September, 1925, the plaintiff purchased another block of the same bonds of the par value of $500 on the partial payment plan : $200 of the purchase price was paid on that day and the remaining $300 was paid on the 10th of October. At that time the Columbia Casualty Company was absolved from further liability under its bond, as will appear from a consideration of the *Klatt Case.* ' The plaintiff was denied judgment against any of the defendants on that transaction, although the bonds were delivered at a time when the Maryland Casualty Company was on the bond of the Guaranteed Bond Company. The plaintiff has filed a notice of review of that portion of the judgment which denies any relief against the Maryland Casualty Company. However, the Maryland Casualty Company is no party to this appeal. The notice of review is effective to review such judgment in so far as the interests of the appellant are adversely affected. The Columbia Casualty Company is the only appellant. As already seen, the judgment absolving the Columbia Casualty Company was correct. If the plaintiff had appealed from that part of the judgment

which denies it any relief against the Maryland Casualty Company, we would then have had before us the question whether that company would be liable because it was on the bond at the time the securities under the second purchase were delivered. However, the plaintiff did not appeal from that portion of the judgment. He relies upon a notice of review. As the Maryland Casualty Company is no party to this appeal, the notice of review is ineffective to correct errors in the judgment rendered in favor of the Maryland Casualty Company. The judgment therefore must be affirmed.

*By the Court.*—So ordered.